**ROSS et al. v. ICKES, Secretary of the Interior.**

No. 8040.

United States Court of Appeals for the District of Columbia.

Argued June 15, 1942.

Decided June 30, 1942.

Jodie Ross and Charles Lewis, for appellants, pro se.

Mr. L. T. Bennett, Jr., Assistant Solicitor, with whom Mr. Nathan R. Margold, Solicitor, Department of the Interior, was on the brief, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

This suit was begun in the District Court by Jodie Ross and Charles Lewis, petitioners (appellants), against the Secretary of the Interior. The trial judge, in granting a motion for summary judgment for appellee, filed an opinion in which he said—and in which we agree—that the complaint failed to disclose clearly the nature of the relief desired, but that it appeared at the trial that the purpose of the suit was to hold the Secretary of the Interior responsible for not putting appellant Ross in possession of lands to which he was entitled under an Act of Congress providing for allotments to the Cherokee Indians. [1] So far as we are able to determine, appellant Charles Lewis has no place in the litigation, nor is any relief asked in his behalf. Ross, on the other hand, is the son of a Negro freedman who at the time of the War Between the States was a slave of the Cherokees. Under the treaty of 1866 [2] between the United States and the Cherokees, such Negroes were adopted into the tribe. Consequently, they and their descendants were entitled to participate in the allotment of lands equally with members of the tribe by blood. Exercising this right to participation, Ross, on May 3, 1904, through an attorney in fact, selected an allotment consisting of 70 acres of land, 50 acres being designated as "surplus allotment" and 20 acres as "homestead". A few days thereafter the surplus land was conveyed by warranty deed, supported by consideration, to W. B. Eaton, Trustee, in fee simple. Eaton, in turn, conveyed the land to a corporation, which platted it into town lots in the town site of Porum, Muskogee County, Oklahoma. These lots were sold to various persons and have been conveyed and reconveyed innumerable times since. During the entire period of these events Ross himself was confined in a federal penitentiary under a sentence of 15 years for a felony committed in the Northern District of Indian Territory. He was not released until February, 1910.

In this court, and apparently also in the trial court, the principal ground for relief urged is that Ross never executed a warranty deed to Eaton. The same claim was the basis of several unsuccessful at-

---

[1] 32 Stat. 716.

[2] 14 Stat. 799, 800, 801.

416

tempts to obtain possession in the federal and state courts in Oklahoma. Finally, in 1931, it was the basis of a mandamus suit in the District Court of the United States for the District of Columbia (then the Supreme Court of the District of Columbia) against the then Secretary of the Interior to gain possession of the allotment. That suit was dismissed on the merits. In the present proceeding, Judge Luhring held that the matters sought to be placed in issue in this suit were definitely in issue in the 1931 suit, were determined in favor of the Secretary of the Interior, and were res judicata. He therefore granted summary judgment for appellee.

We are of opinion that this decision is clearly correct. While, as we have said, it is by no means clear what relief is asked in the instant case, it is clear that the essential issue is the same in both cases, and that whatever relief is asked for here could have been asked for there. If in the present suit Ross is seeking a money judgment against the Secretary of the Interior—for which there is no basis in the pleadings, but which was stated to be the purpose in the oral argument—we are unable to find any ground of jurisdiction on which either the lower court or this court can afford relief. The same facts which would support an action for possession of the land would support an action for damages in money. The issue on those facts was determined in the former suit, and the decree there is final.

If in his present suit Ross intends to assert, as apparently he does, that the Secretary had never made any allotment to him or had not made a legal allotment, there is still no ground for relief, for such a claim would be in direct conflict with his position in the former suit in this jurisdiction, in which he ratified the selection that had been made for him by relying upon it and making it the basis for the relief prayed for in that proceeding. Robb v. Vos, 155 U.S. 13, 43, 15 S.Ct. 4, 39 L.Ed. 52.

We have carefully examined the record in the case in deference to the fact that appellants have submitted their case without the benefit of counsel, but we are wholly unable to find anywhere any ground on which the suit can be maintained. The decision of the lower court is therefore affirmed.

Affirmed.

EDGERTON, Associate Justice.

I concur in the result, but on the ground that the complaint states no claim. The appearance "pro se" of Lewis was a fraud upon the court. He assumed to be a party, but confessed at the hearing that he was not a party and merely represented Ross. He is not a member of the bar. I see no reason for encouraging his unauthorized attempt to practice law by guessing what he may have been trying to say in the complaint. If a complaint were drawn, either by Ross or by a lawyer, so as to state the sort of claim which is considered in the prevailing opinion, I think it would not be barred by the judgment in the mandamus suit of 1931. That judgment decided only that it was not then the specifically enforceable duty of the Secretary to put Ross in possession. The Secretary's answer to the petition in that suit relied, among other things, upon "the condition of the record title", and the condition of the record title at that time may have been the reason why the petition was dismissed. The judgment in that suit does not seem to me to have determined either (1) that it was not at some earlier time, when the record title was different, the Secretary's duty to put Ross in possession, or (2) that the Secretary discharged that duty.